FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

2015 NOV 10  PM 2: 42

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____

| | | |
|---|---|---|
| CHARLANE MEYER | § | |
| | § | |
| V. | § | A-15-CA-1002-SS |
| | § | |
| GARY L. STEEL, HILLARY RODHAM | § | |
| CLINTON, BARACK OBAMA, | § | |
| JOHN KERRY, and JANET YELLEN | § | |

## ORDER

Before the Court is Plaintiff Charlane Meyer's complaint.  Plaintiff, proceeding pro se, has

been granted leave to proceed in forma pauperis.  After consideration of Plaintiff's complaint, it is

dismissed as frivolous.

Plaintiff is indicted in Hays County of Assault on a Public Servant. The judge presiding over

her criminal case found her incompetent to stand trial and ordered Plaintiff committed to a mental

facility or residential care facility.  *See State v. Meyer*, No. CR-14-0027 (22nd Judicial Dist. Court

of Hays County, Texas).  Plaintiff is currently confined in the Austin State Hospital.

In her complaint, Plaintiff alleges:

Texas State District Court Judge Senior Gary L. Steel, is originally known as
Kenneth McWhorter and multiple aliases, a former psychiatric patient himself of
Park North Professional Hospital, defunct, of San Antonio, and taking active
participation in the measured destruction of my life by stalking on a personal level
since 1976, and in stealth, that the objective was the incorporation of my inheritance
subsidized for private enrichment, by scale, that Hillary Rodham Clinton, Barack
Obama, John Kerry, and Janet Yellen, are all weapons and for the board members of
the Federal Reserve System, these members being nieces and nephews, and as agents
controlling the incorporation of the United States of America, and subsidiaries
disguised as government, generating destruction of lives and for private bonded
warrants monetized with the United States Treasury, personally.

1

She requests the Court to "cancel all funding of [her] incarceration with the Austin State Hospital and from subsidiaries state servicing of funding from [her] private trust with the United States Treasury, revoke charters."

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. *Haines v. Kerner*, 404 U.S. 519 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

A court may dismiss a claim as factually frivolous only if the facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Hicks v. Garner*, 69 F.3d 22, 25 (5th Cir. 1995). Plaintiff's claims fall within this category.

It is therefore ORDERED that Plaintiff's complaint be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e).

It is further ORDERED that Plaintiff is warned filing or pursuing any further frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission

2

from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

It is further ORDERED that Plaintiff is warned if Plaintiff files more than three actions or appeals while she is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then she will be prohibited from bringing any other actions in forma pauperis unless she is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

It is finally ORDERED that the Clerk shall e-mail a copy of this order to the Pro Se Clerk for the United States District Court for the Eastern District of Texas.

Signed this __10th__ day of November 2015.


SAM SPARKS
UNITED STATES DISTRICT JUDGE